UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | No. 3:25-CR-116-KAC-JEM |
| | ) | |
| WILLIAM L. ALDRIDGE, and | ) | |
| BRANDON S. BAYNE, | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM AND ORDER**

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or recommendation as appropriate. This case is before the Court on Defendant Brandon Bayne's Motion to Continue Trial Setting and All Corresponding Deadlines [Doc. 24], filed on December 3, 2025, and Codefendant William Aldridge's Motion to Join in Co-Defendant's Motion to Continue [Doc. 25], filed on December 4, 2025.

Defendant requests the Court to continue the pretrial motion deadline, set for December 3, 2025, the plea deadline, set for December 12, 2025, and the trial date, set for January 6, 2026 [*Id.* ¶ 2]. In support of his motion, Defendant states that he is charged with conspiracy to distribute fentanyl, distribution of fentanyl, and possession of fentanyl with intent to distribute [*Id.* ¶ 1]. Defendant had his initial appearance on October 30, 2025, where he was assigned counsel [*Id.* ¶ 2]. Defendant's counsel has received discovery and is still in the process of reviewing it [*Id.* ¶ 3]. Defendant represents that preparation in this case will require additional time because his counsel needs to continue thoroughly reviewing discovery, review with it Defendant, who is housed in a jail facility in another state, and evaluate the necessity of any potential motions [*Id.* ¶ 4]. Further, Defendant's counsel and the Government are engaged in negotiations that could

obviate the need to file pretrial motions, but more time is needed for those negotiations to solidify [*Id.*]. Defendant's motion reflects that the Government does not oppose the continuance [*Id.* ¶ 5]. Defendant states that the right to a speedy trial has been explained to him and that he understands the need for counsel to request a continuance in this matter [*Id.* at 2].

Codefendant William Aldridge filed a Motion to Join in Co-Defendant's Motion to Continue [Doc. 25]. Codefendant Aldridge asks to join in the motion to continue and show that he adopts the arguments advanced in the motion [*Id.* at 1]. Codefendant Aldridge states that he is aware that the time between the filing of the motion and the new court date would be excluded from speedy trial calculation [*Id.*].

Based on the information in Defendant's motion and because the Government and Codefendant Aldridge does not oppose the continuance, the Court finds the ends of justice served by granting a continuance outweigh the interests of Defendant and the public in a speedy trial. *See* 18 U.S.C. § 3161(h)(7)(A). In making this determination, the Court has considered the factors set forth in 18 U.S.C. § 3161(h)(7)(B). In consideration of these factors, the Court concludes that failing to grant a continuance would both result in a miscarriage of justice and deny counsel for Defendant the reasonable time necessary for effective preparation, taking into account the exercise of due diligence. *See id.* § 3161(h)(7)(B)(i), (iv). Defendant needs the additional time to review discovery, consider pretrial motions, engage in plea negotiations, and otherwise prepare for trial. The Court finds that all of this cannot occur before the January 6, 2026 trial date.

The Court therefore **GRANTS** Defendant Brandon Bayne's Motion to Continue Trial Setting and All Corresponding Deadlines [**Doc. 24**] and Codefendant William Aldridge's Motion to Join in Co-Defendant's Motion to Continue [**Doc. 25**]. The trial of this case is reset to **May 5, 2026**. A new, comprehensive trial schedule is included below. Because the Court finds

that the ends of justice are served by granting a continuance outweigh the interests of Defendant and the public in a speedy trial, all of the time between the filing of the motion on December 3, 2025, and the new trial date is fully excludable time under the Speedy Trial Act. *See* 18 U.S.C. § 3161(h)(1)(D), (h)(7)(A)–(B).

Accordingly, the Court **ORDERS** as follows:

(1) Defendant Brandon Bayne's Motion to Continue Trial Setting and All Corresponding Deadlines [**Doc. 24**] and Codefendant William Aldridge's Motion to Join in Co-Defendant's Motion to Continue [**Doc. 25**] are **GRANTED**;

(2) the trial of this matter is reset to commence on **May 5, 2026, at 9:00 a.m.**, before the Honorable Katherine A. Crytzer, United States District Judge;

(3) all time between the filing of the motion on **December 3, 2025**, and the new trial date of **May 5, 2026**, is fully excludable time under the Speedy Trial Act for the reasons set forth herein;

(4) the deadline for filing pretrial motions is **January 5, 2026**, and responses to the pretrial motions are due **January 20, 2026**;

(5) the deadline for filing a plea agreement in the record and providing reciprocal discovery is **April 3, 2026**;

(6) the deadline for filing motions *in limine* is **April 20, 2026**, and responses to motions *in limine* are due on or before **April 28, 2026**;

(7) the parties are to appear before the undersigned for a final pretrial conference on **April 23, 2026, at 1:00 p.m.**; and

(8) requests for special jury instructions with appropriate citations to authority pursuant to Local Rule 7.4 shall be filed on or before **April 24, 2026.**

**IT IS SO ORDERED.**

ENTER:

*/s/ Jill E. McCook*
Jill E. McCook
United States Magistrate Judge